**David STRONG, Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent.**

No. 96 Civ. 2735 (SAS).

United States District Court, S.D. New York.

Jan. 16, 1997.

David Strong, Bronx, NY, pro se.

Jennifer K. Brown, Assistant United States Attorney, New York City, for United States Parole Commission.

## AMENDED MEMORANDUM OPINION

SCHEINDLIN, District Judge:

Petitioner David Strong asks this Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from the special parole term imposed upon him by Respondent the United States Parole Commission ("Parole Commission" or "Commission"). Petitioner challenges the Commission's statutory authority to revoke his initial term of special parole and to reimprison him after he tested positive for cocaine use. He also challenges both the Parole Commission's continuing jurisdiction over him following revocation of his initial special parole term, and the Commission's statutory authority to reparole him to special parole after his subsequent release from imprisonment. While the Parole Commission had the authority to revoke Petitioner's special parole and reimprison him, and to retain jurisdiction over him after doing so, it lacked the statutory authority to reparole Petitioner to special parole rather than traditional parole. The petition for a writ of habeas corpus is therefore granted.

## I. FACTUAL BACKGROUND

Petitioner was sentenced on September 7, 1982 to a twelve-year prison term and a five-year special parole term by the United States District Court for the Southern District of New York for conspiracy to violate federal narcotics statutes, distribution and possession of heroin, conspiracy to violate federal firearms statutes, and unlawful transfer of firearms. *See* Certificate of Rockne Chickinell ("Chickinell Cert."), Deputy General Counsel of the United States Parole Commission, Exhs. 1 & 2. He was paroled to traditional parole from his twelve-year prison term on November 14, 1986. Chickinell Cert., Exh. 3.

Suffice it to say for the purposes of this petition that after his parole from his prison term in November 1986, Petitioner was repeatedly arrested for parole violations (particularly the use of illegal drugs), was given multiple revocation hearings and was reparoled more than once prior to the end of his twelve year prison term. *See id.*, Exhs. 4–9. He was finally released as a mandatory releasee under the supervision of the Parole Commission on September 13, 1993, *id.*, Exh. 10, and was scheduled to commence his five-year special parole term on February 12, 1994. During the mandatory release period (between September 1993 and February 1994), the Commission received reports of continued cocaine use by Petitioner in October and November 1993. *Id.*, Exh. 11. Although the Commission responded with a letter of reprimand on December 13, 1993, Petitioner was not remanded to prison, and began to serve his special parole term as scheduled on February 12, 1994.

On April 8, 1994, Probation Officer Charles T. Herman reported to the Commission that Petitioner was in violation of the terms of his special parole, as Petitioner had tested positive for the use of cocaine, and had failed both to participate in a residential drug treatment program, and to report to the probation office as directed. *Id.*, Exh. 12. The Commission issued a violator warrant for Petitioner on April 18, 1994, and he was subsequently arrested on May 6, 1994. *Id.*, Exhs. 13 & 14. He was given a revocation

hearing on August 2, 1994. *Id.*, Exh. 15. On August 31, 1994, the Commission revoked the special parole term, denied Petitioner credit for time spent on special parole, and continued him to a presumptive parole to begin on January 6, 1996, after the service of twenty months in prison. Petitioner here challenges the Parole Commission's authority to take these actions.

■■■ The presumptive date was later extended until February 23, 1996 for release planning purposes. *Id.*, Exh. 17. Petitioner was reparoled to special parole on February 23, 1996, to be supervised in the Southern District of New York until May 5, 1999. *Id.*, Exh. 18. Petitioner also challenges this reparole to special parole. On April 2, 1996, the probation office reported to the Commission that Petitioner had failed to report for drug testing on March 28, 1996 and requested that the Commission issue a letter of reprimand, *id.*, Exh. 19, which the Commission did on April 12, 1996. *Id.*, Exh. 20. Shortly thereafter, on April 25, 1996, the probation office reported that Petitioner had tested positive for cocaine on April 9, 1996. *Id.*, Exh. 21. The probation office stated that Petitioner had admitted himself into a long term treatment facility and that if he left the facility early, it would request a violator warrant for him. Petitioner is not imprisoned at this time, and remains on special parole.[1]

## II. *STATUTORY FRAMEWORK*

The special parole statute, 21 U.S.C. § 841(c), was adopted as part of a comprehensive drug control plan embodied in the Controlled Substances Act of 1970 (the "Act"). The Act provided that certain drug offenses were subject to mandatory terms of special parole. 21 U.S.C. § 841(b). Section 841(c) provides:

### *Special parole term*

A special parole term imposed under this section … may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term provided for in this section … shall be in addition to, and not in lieu of, any other parole provided for by law.[2]

The differences between special parole and traditional parole have been described as follows:

---

1. It is not clear whether Petitioner currently resides in a residential substance abuse treatment facility; however, this fact is not relevant to the present petition because Petitioner remains on special parole, which constitutes "custody" for habeas corpus purposes. *See Jones v. Cunningham*, 371 U.S. 236, 242, 83 S.Ct. 373, 376, 9 L.Ed.2d 285 (1963) (release into "custody and control of parole board involve[s] significant restraints on petitioner's liberty" sufficient to invoke writ of habeas corpus).

Additionally, Petitioner's challenge to the validity of his current special parole status (as opposed to traditional parole status) is also ripe for review despite the fact that if the Court were to grant him relief, he would likely remain on traditional parole. *See Walker v. Wainwright*, 390 U.S. 335, 336–37, 88 S.Ct. 962, 963–64, 19 L.Ed.2d 1215 (1968) (demand for immediate relief from custody not a requirement for habeas corpus petition). For Petitioner, the difference between special and traditional parole is not a distinction without a difference. The terms of special parole significantly affect Petitioner's lib-

erty, in that a violation of special parole can result (and has resulted in Petitioner's case) in a remand to prison with no credit for street time, thereby extending Petitioner's time in custody. A violation of traditional parole may not have this consequence, as Petitioner would get credit for street time unless he was convicted of a new crime committed while on parole, or had intentionally failed to obey an order of the Parole Commission. *See* 18 U.S.C. §§ 4210(b)(2) and (c). Petitioner's challenge to the legality of further special parole is therefore appropriate under the habeas statute. *See id.* at 336, 88 S.Ct. at 963 ("[T]he great and central office of the writ of habeas corpus is to test the legality of a prisoner's current detention.").

2. This provision was repealed by the Comprehensive Crime Control Act of 1984, but remains applicable to criminal offenses committed before November 1, 1987. *See* Pub.L. No. 98–473, Tit. II § 224(a)(2), formerly § 224(a)(6), 98 Stat. 1987, 2030 (1984), as renumbered by Pub.L. No. 99–570, Tit. I, § 1005(a)(2), 100 Stat. 3207 (1986).

Three things are "special" about special parole: first, special parole follows the term of imprisonment, while regular parole entails release before the end of the term; second, special parole was imposed, and its length selected, by the district judge rather than by the Parole Commission; third, when special parole is revoked, its full length becomes a term of imprisonment.

*Evans v. United States Parole Comm'n,* 78 F.3d 262, 263 (7th Cir.1996).

## III. DISCUSSION

### A. *Revocation of Special Parole and the Commission's Continuing Jurisdiction*

 As a preliminary matter, the Commission's authority to revoke Petitioner's special parole and to impose a new term of imprisonment is unquestioned, and Petitioner's assertions to the contrary are without merit. The Parole Commission's powers include granting parole, revoking parole, and imposing conditions on parolees. 18 U.S.C. § 4203(b).[3] The Parole Commission is also directed by statute to "promulgate rules and regulations establishing guidelines" for the exercise of its powers. 18 U.S.C. § 4203(a)(1). Section 841(c) plainly states that a special parole term may be revoked and that upon revocation the parolee may be required to return to prison. By revoking Petitioner's special parole and requiring that he return to prison, the Parole Commission acted entirely within its statutory authority. *See Escamilla v. Warden, FCI El Reno,* 2 F.3d 344, 345 (10th Cir.1993) (holding that Parole Commission has jurisdiction to revoke special parole term); *Battle v. United States Parole Comm'n,* 834 F.2d 419, 420 (5th Cir.1987) (same).

 The Commission also retained jurisdiction over Petitioner throughout the new term of imprisonment and any balance of time remaining after his reparole. *See Fowler v. United States Parole Comm'n,* 94 F.3d

835, 838–39 (3d Cir.1996). Upon revocation of special parole, section 841(c) mandates that the "original term of imprisonment ... be increased by the period of the special parole term and [that the] resulting new term of imprisonment ... not be diminished by the time which was spent on special parole." 18 U.S.C. § 841(c). However, the special parole violator may not be required to serve the entire length of this new term of imprisonment in prison, *id.,* a decision which is left to the Parole Commission, 18 U.S.C. § 4203(b). Three possible permutations follow: (a) the special parolee completes his term of special parole without incident or revocation; (b) the special parolee violates special parole, that parole is revoked, and the Commission remands the special parolee for less than the entire new term of imprisonment, and reparoles the special parolee; or (c) the Commission remands the special parolee to prison after revocation for the entire new term of imprisonment. Considering that the Commission retains jurisdiction over the special parolee for the full initial term of special parole, and for any new term of imprisonment if revocation occurs, it is illogical to conclude that the Commission's jurisdiction over the special parolee ends if the Commission itself chooses to reparole the special parolee for part of the new term of imprisonment.

In addition, under 18 U.S.C. § 4210 (also repealed), the Parole Commission's jurisdiction over the parolee terminates "no later than the date of the expiration of the maximum term or terms for which [a parolee] was sentenced...." The maximum term to which Petitioner was sentenced was seventeen years—twelve years incarceration and five years special parole. Thus even if § 841(c) did not provide authority for the Commission's continuing jurisdiction over Petitioner after his reparole, § 4210 grants the Commission jurisdiction over Petitioner for seventeen years after his sentencing, less

---

**3.** The statutory provision that created the Commission, Pub.L. 98–473, Tit. II, § 218(a)(5), 98 Stat. 2027 (1984), has also been repealed. The Commission retains its authority over individuals sentenced for offenses committed prior to November 1, 1987 until November 1, 2002. Pub.L.

98–473, § 235(a)(1), 98 Stat. 2031 (1984) (extending statutes to November 1, 1992); Pub.L. 101–650, § 316, 104 Stat. 5115 (1990) (extending statutes to November 1, 1997); Pub.L. 104–232, § 2(a), 100 Stat. 3055 (1996) (extending statutes to November 1, 2002).

any good time deductions. *See Fowler,* 94 F.3d at 839 n. 5.

### B. *The Reimposition of Special Parole*

■ These conclusions are dictated by the terms of the statute. The novel issue Petitioner asks the Court to resolve is whether section 841(c) authorizes the Parole Commission to reparole a special parole violator to a new term of special parole after revocation and reimprisonment. This issue is one of first impression in this Circuit, and there is a split among the other Circuits that have recently addressed it. *See Fowler,* 94 F.3d 835 (finding that Parole Commission lacks authority to reparole special parolee to special parole); *Billis v. United States,* 83 F.3d 209 (8th Cir.) (finding that Parole Commission has authority to reparole special parolee to successive terms of special parole), *cert. denied,* — U.S. —, 117 S.Ct. 252, 136 L.Ed.2d 179 (1996); *Evans,* 78 F.3d 262 (Commission lacks authority); *Artuso v. Hall,* 74 F.3d 68 (5th Cir.1996) (Commission lacks authority); *United States Parole Commission v. Williams,* 54 F.3d 820 (D.C.Cir. 1995) (Commission has authority). Because I find the reasoning of *Fowler* persuasive, I hold that the Commission lacks the authority to reparole Petitioner to special parole, but that it has the authority to reparole him to traditional parole.

The *Fowler* court, as well as the courts in *Evans* and *Artuso,* relied on the interpretation of 18 U.S.C. § 3583(e)(3), a provision that governed supervised release,[4] in concluding that a new term of special parole is not authorized by § 841(c). *Fowler,* 94 F.3d at 837–38. Similar case law exists in this Circuit; the Court of Appeals has held that § 3583(e)(3) does not permit a court to sentence a violator of supervised release to a second term of supervised release after reimprisonment.[5] *United States v. Koehler,* 973 F.2d 132 (2d Cir.1992). At the outset of

its § 3583(e)(3) analysis, the court noted that the " 'starting point in every case involving construction of a statute is the language itself.' " *Id.* at 134 (quoting *Kelly v. Robinson,* 479 U.S. 36, 43, 107 S.Ct. 353, 357, 93 L.Ed.2d 216 (1986) (citation omitted)). Emphasizing that only an " 'extraordinary showing' of a contrary intention from the legislative history would justify interpretive departure from a statute's plain meaning," *id.* (quoting *Garcia v. United States,* 469 U.S. 70, 75, 105 S.Ct. 479, 482–83, 83 L.Ed.2d 472 (1984)), the court concluded that the plain meaning of § 3583 precluded the imposition of a new term of supervised release after an initial term of supervised release is revoked. Citing the Fifth Circuit with approval, the court found that "revoke" means to cancel or to rescind, and that after revocation, "[t]he term of release no longer exists." *Id.* at 134–35 (quoting *United States v. Holmes,* 954 F.2d 270, 272 (5th Cir.1992)). The Ninth Circuit arrived at the same conclusion, and stated that regardless of the government's argument that it would be logical for a court to reimpose a new term of supervised release after revocation of the initial term, "Congress has enacted an unambiguous statute that does not provide courts with that option. We would exceed our authority were we to judicially rewrite that legislation." *United States v. Behnezhad,* 907 F.2d 896, 899 (9th Cir.1990).

Based on a similar decision within its own Circuit, the *Fowler* court concluded that the language of § 841(c) dictates the same result. Both § 3583(e)(3) and § 841(c) provide for revocation, but neither grants any authority to reimpose the revoked sanction. Congress later amended § 3583 to allow for the reimposition of successive terms of supervised release. *See* 18 U.S.C. 3583(h). The Parole Commission argues here that because Congress thus amended the supervised release statute, that amendment evinces Congress'

---

4. Section 3583(e)(3) provided that a court could "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release … without credit for time previously served on postrelease supervision." This section has since been amended by Pub.L. 103–322, § 110505(2)(B), 108 Stat. 1796 (1994).

5. Congress has amended § 3583 to provide explicitly for successive terms of supervised release. *See* 18 U.S.C. § 3583(h). This amendment does not affect the Court's analysis of § 841(c), which was not amended to so provide with regard to special parole. *See* discussion, *infra* p. 176.

comparable intent that successive terms of special parole be permitted by § 841(c). This assertion—that the amendment of one statute suggests Congress' intent in drafting another statute several years prior—is dubious at best. Moreover, Congress could just as easily have drafted parallel legislation that would have explicitly permitted the Parole Commission to reparole to special parole those persons who remained under its purview subject to then-repealed § 841(c). This Congress did not do, and the plain meaning of § 841(c) does not provide for the reimposition of special parole. The amendment of § 3583 cannot compel such a construction of § 841(c).[6]

## IV. CONCLUSION

Because the Court finds that the Parole Commission lacked the authority under § 841(c) to impose a new term of special parole on Petitioner after the revocation of the initial term of special parole, Petitioner's request for a writ of habeas corpus is granted. This matter is remanded to the Parole Commission for further proceedings consistent with this Opinion. If the Commission determines that Petitioner's period of supervision has not expired, the Commission has the option of imposing a term of traditional parole on Petitioner. If Petitioner violates the terms of his traditional parole and is remanded to prison, his credit for time spent on parole after February 23, 1996 shall be determined by reference to 18 U.S.C. §§ 4210(b)(2) and (c). Should the Commission determine either that the term of supervision has expired, or that it does not wish to impose a term of traditional parole, Petitioner shall be discharged from the supervision of the Parole Commission.

SO ORDERED:

**6.** The Parole Commission argues that its regulations, which allow the imposition of special parole after revocation of the initial term, are entitled to deference. *See* 28 C.F.R. §§ 2.57(c), 2.52(b). The Court is not required to give deference, however, to administrative interpretations that are based upon an impermissible construction of a statute. *Chevron U.S.A. Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 842–43,

Dated: New York New York, January 16, 1997.

104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984). Because I conclude, as did the Third Circuit in *Fowler,* that § 841(c) is not ambiguous, and that the plain meaning of the statute does not permit the imposition of a successive term of special parole, I find, as did the *Fowler* court, that the regulations are in conflict with the statute and cannot be enforced.