_____

No. 95-2161
_____

Steven Gregory Billis,                    *
                                          *
            Appellant,                    *
                                          *  Appeal from the United States
      v.                                  *  District Court for the
                                          *  Eastern District of Missouri.
United States of America,                 *
                                          *          [PUBLISHED]
            Appellee.                     *


_____

            Submitted:  April 15, 1996

               Filed:  May 3, 1996
            _____

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.
            _____

PER CURIAM.

     Steven Gregory Billis appeals from the order of the District Court[1]
denying his 28 U.S.C. § 2255 (1994) motion to vacate, set aside, or correct
his sentence.  We affirm.

     In 1986, Billis pleaded guilty to two counts of distributing cocaine,
in violation of 21 U.S.C. § 841(a)(1) (1982).  He was sentenced to four
months of imprisonment followed by a five-year term of special parole on
each count; the sentences were to run concurrently.  In 1988, the United
States Parole Commission (Commission) revoked Billis's special parole,
ordering that he serve eight months of imprisonment, and that he receive
credit for time spent on special parole ("street time").  In 1989, the
Commission again revoked Billis's special parole; this time, the Commission
ordered that Billis serve twelve months of imprisonment,

_____

     [1]The Honorable Edward L. Filippine, United States District
Judge for the Eastern District of Missouri.

and denied him credit for street time. In 1992, the Commission revoked Billis's special parole for a third time, ordering that he serve four months of imprisonment, and again denying him credit for street time. The Commission also withdrew its prior grant of street-time credit, as 21 U.S.C. § 841(c) (Supp. IV 1986) precluded the Commission from giving such credit.[2] In October 1993, Billis was arrested for possession of marijuana, and a parole-violation warrant was issued and executed upon him.

In October 1993, while he was in custody, Billis filed this § 2255 motion, asserting that the Commission lacked jurisdiction over him. The District Court construed Billis's motion as a 28 U.S.C. § 2241 (1988) petition that Billis was requesting to amend to name the proper respondents, and denied the request to amend as futile, dismissing the claim without prejudice.

On appeal, Billis argues that the Commission was not statutorily authorized to revoke his special parole term, and that even if the Commission had the power to do so, it could not impose additional special parole. He also argues that the Commission violated his due process rights by withdrawing his street-time credit, and that the Commission was estopped from doing so.

We conclude the District Court correctly determined that the Commission was authorized to revoke Billis's special parole. A

_____

[2]Section 841(c) was repealed, but remained applicable to offenses committed prior to November 1, 1987, for a period of five years from that date. See Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, § 224(a)(6), 98 Stat. 1976, 2030, as amended by, Narcotics Penalties and Enforcement Act of 1986, Pub. L. No. 99-570, § 1005(a)(2), 100 Stat. 3207-2, 3207-6 (repealing § 841(c)); see also Comprehensive Crime Control Act of 1984, § 235, 98 Stat. at 2031, as amended by, Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217, § 4, 99 Stat. 1728 (setting effective date of repeal); Criminal Law and Procedure Technical Amendments Act of 1986, Pub. L. No. 99-646, § 35, 100 Stat. 3592, 3599 (technical amendment); and Sentencing Act of 1987, Pub. L. No. 100-182, § 2, 101 Stat. 1266 (technical amendment).

special parole term may be revoked if its terms and conditions are violated. See 21 U.S.C. § 841(c). The Commission is empowered to promulgate regulations to carry out national parole policy, see 18 U.S.C. § 4203(a)(1) (1982),[3] and the Commission's regulations provide for the revocation of special parole, and set forth procedures for doing so, see 28 C.F.R. §§ 2.52(b), 2.57(c) (1995). The three other circuit courts that have addressed the issue have concluded that the Commission may properly revoke special parole. See United States Parole Comm'n v. Williams, 54 F.3d 820, 823 (D.C. Cir. 1995); Escamilla v. Warden, 2 F.3d 344, 346-47 (10th Cir. 1993); Cortinas v. United States Parole Comm'n, 938 F.2d 43, 47 (5th Cir. 1991) (per curiam).

We conclude the District Court also correctly determined the Commission could impose a subsequent term of special parole after revocation, although we note there is a split of authority among the circuit courts that have addressed the issue. The D.C. Circuit has held that the Commission may impose a subsequent term of special parole. See Williams, 54 F.3d at 823. The Williams Court noted that, although § 841(c) requires the Commission, upon revocation of special parole, to increase the original term of imprisonment by the period of the special parole term, the Commission also is permitted under § 841(c) to require the revoked parolee to serve only part of the mandatory term of imprisonment.

---

[3]Section 4203(a)(1) was repealed, but remains applicable to offenses committed prior to November 1, 1987, for a period of ten years from that date. See Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, § 218(a)(5), 98 Stat. 1976, 2027 (repealing § 4203(a)(1)); see also id. § 235, as amended by, Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217, § 4, 99 Stat. 1728 (setting effective date of repeal); Criminal Law and Procedure Technical Amendments Act of 1986, Pub. L. No. 99-646, § 35, 100 Stat. 3592, 3599 (technical amendment); Sentencing Act of 1987, Pub. L. No. 100-182, § 2, 101 Stat. 1266 (technical amendment); and Federal Courts Study Committee Implementation Act of 1990, Pub. L. No. 101-650, § 316, 104 Stat. 5104, 5115 (extending time repealed statute remains applicable to offenses committed prior to November 1, 1987).

See id.  The court noted further that when the Commission orders a parolee to be incarcerated for less that the full mandatory term, the Commission's regulations provide for the parolee's placement back on special parole for the balance of the mandatory term.  See id. (citing 28 C.F.R. §§ 2.52(b), 2.57(c)).

The Fifth and Seventh Circuits, however, have concluded the Commission may not impose a subsequent term of special parole, relying in substantial part on the reasoning of their holdings that, under 18 U.S.C. § 3583(e) (1988 & Supp. V 1993) as originally enacted, courts lacked authority to impose a subsequent term of supervised release after revocation of a term of supervised release.[4]  See Evans v. United States Parole Comm'n, 78 F.3d 262, 264-65 (7th Cir. 1996) (relying on United States v. McGee, 981 F.2d 271, 274-75 (7th Cir. 1992)); Artuso v. Hall, 74 F.3d 68, 71 (5th Cir. 1996) (relying on United States v. Holmes, 954 F.2d 270, 272 (5th Cir. 1992)).

We agree with the reasoning of the Williams Court, as its holding is most consistent with the language of § 841(c).  Moreover, the reasoning of the Evans and Artuso Courts conflicts with our holding that district courts had authority under section 3583(e) as originally enacted to impose a subsequent term of supervised release after revocation of an initial term of supervised release.  See United States v. Schrader, 973 F.2d 623, 625 (8th Cir. 1992).

We also conclude Billis has not shown that the Commission violated his due process rights by withdrawing his street-time credit, or that the Commission was estopped from doing so.  See

---

[4]Congress has amended § 3583 to permit explicitly the imposition of a subsequent term of supervised release after revocation of a term of supervised release.  See 18 U.S.C. § 3583(h) (1994).

-4-

<u>McQuerry v. United States Parole Comm'n</u>, 961 F.2d 842, 844-48 (9th Cir. 1992).

We do not consider Billis's argument, raised for the first time on appeal, that he should have been sentenced under the Narcotic Addict Rehabilitation Act, 18 U.S.C. §§ 4251-55 (1982).[5] <u>See</u> <u>Thomas v. United States</u>, 27 F.3d 321, 325 (8th Cir. 1994).

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[5]Sections 4251-55 were repealed, but remained applicable to offenses committed prior to November 1, 1987, for a period of five years from that date. <u>See</u> Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, § 218(a)(6), 98 Stat. 1976, 2027 (repealing §§ 4251-55); <u>see also</u> <u>id.</u> § 235, <u>as amended by</u>, Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217, § 4, 99 Stat. 1728 (setting effective date of repeal); Criminal Law and Procedure Technical Amendments Act of 1986, Pub. L. No. 99-646, § 35, 100 Stat. 3592, 3599 (technical amendment); and Sentencing Act of 1987, Pub. L. No. 100-182, § 2, 101 Stat. 1266 (technical amendment).