**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Respondent-Appellee,

v.

No. 95-7620

WILLIAM BARRY ROBINSON,
a/k/a/ Barry,
Petitioner-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-79-93-A, CA-95-638-A)

Argued: September 25, 1996

Decided: February 10, 1997

Before HALL and ERVIN, Circuit Judges,
and HALLANAN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Reversed and remanded by published opinion. Judge Ervin wrote the
opinion, in which Judge Hall and Judge Hallanan joined.

_____

**COUNSEL**

**ARGUED:** Neal Lawrence Walters, Supervising Attorney, Appellate
Litigation Clinic, UNIVERSITY OF VIRGINIA SCHOOL OF LAW,
Charlottesville, Virginia, for Appellant. Sharon A. Gervasoni,
UNITED STATES PAROLE COMMISSION, Chevy Chase, Mary-

land, for Appellee. **ON BRIEF:** Helen F. Fahey, United States Attorney, Jeri Kaylene Somers, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

**OPINION**

ERVIN, Circuit Judge:

I

William Barry Robinson (Robinson) appeals from an order of the district court denying his petition for a writ of habeas corpus. For the reasons hereinafter set forth we reverse the district court's order and remand with instructions to grant the writ.

Robinson was convicted in 1979 of conspiracy to distribute and of distribution of cocaine in violation of 21 U.S.C.§§ 841 (a)(1) and 846. He was sentenced to seven years' imprisonment and a five-year term of special parole. In 1990, after Robinson had been out of prison for more than three years, the United States Parole Commission issued a warrant charging him with violating the terms of his special parole. In 1991 the Commission revoked his parole and sentenced him to fifteen months' imprisonment. The Commission denied him credit for time served on special parole. The Commission also imposed a new term of special parole to begin upon his release and last until October 14, 1995. In 1992, following his release, Robinson again violated his parole, was sentenced to twelve months in prison, and was released to a third term of special parole. In 1993, less than two months after Robinson's third release from prison, his parole was again revoked and he was incarcerated for sixteen months. In 1994 he was released to a fourth term of special parole, set to last until the end of December 1996. This term of special parole was violated in March 1995 and Robinson was sentenced to sixteen additional months of incarceration and a new term of special parole.

Robinson challenged his most recent incarceration in a petition to the district court for habeas corpus relief pursuant to 28 U.S.C. § 2241. The district court denied all of Robinson's claims and did not

2

grant a writ of habeas corpus. Robinson appealed the lower court's denial of relief on October 11, 1995. On April 17, 1996, we granted Robinson's request to be released on bond pending appeal.

Robinson challenges the current sentence against him on several grounds. His first assertion is that the Commission was without power to return him to special parole status following the first revocation of his parole in March 1991, and was also without power to repeat the process four times. We agree with Robinson on this point and reverse the district court's denial of a writ of habeas corpus. Because of our decision to grant the relief requested, we do not reach Robinson's other challenges.

II

The question before us is whether the Parole Commission exceeded its power when it assigned Robinson a new term of special parole after it had revoked his original term of special parole for parole violations. At the time Robinson was originally sentenced, 21 U.S.C. § 841(c) required the court to sentence him to a mandatory period of special parole because he was convicted of a drug crime.[1] The relevant statute provided:

> A special parole term imposed under this section . .. may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment.

21 U.S.C. § 841(c). Robinson argues that once the special parole term has been revoked, it is terminated. He asserts that because the Parole Commission itself is without power to create and impose a new sen-

_____

[1] This statutory provision was repealed by the Anti-Drug Abuse Act, Pub. L. No. 98-473, Title II, § 224(a)(2), 98 Stat. 2030 (1984). Special Parole has been replaced in all sentencing provisions with "supervised release."

3

tence of special parole, no term of special parole remains to be enforced following re-release from prison. The Commission can instead require Robinson to serve the full original term of special parole in prison, or it can release him after some incarceration to a term of regular parole.

We have previously held, in the context of the supervised release provisions which replaced special parole, that "revoke" means to "annul" or "extinguish." United States v. Cooper, 962 F.2d 339, 341 (4th Cir. 1992). In Cooper we held that, when a court revoked a term of supervised release pursuant to 18 U.S.C. § 3583(e), it was without the authority to impose any new term of supervised release. A strong majority of our sister circuits also concluded that once revoked pursuant to § 3583(e), supervised release could not be reimposed.[2] Our decision in Cooper guides us in the instant case and requires us to find that, once revoked, Robinson's term of special parole could not be reimposed by the Parole Commission.

The Parole Commission tries to persuade us that we need not be controlled by our decision in Cooper, but its arguments are unpersuasive. First, the Commission asserts that supervised release and special parole are entirely different penal entities and the word "revoke" has distinct meanings in the two statutes. While it is certainly undeniable that there are small variations in the way the two programs are handled, and in the entities which handle them, these are mere "distinc-

_____

[2] **See United States v. Koehler**, 973 F.2d 132, 134-36 (2nd Cir. 1992); United States v. Malesic, 18 F.3d 205, 206 (3rd Cir. 1994); United States v. Holmes, 954 F.2d 270, 272 (5th Cir. 1992); United States v. Truss, 4 F.3d 437, 441 (6th Cir. 1993); United State v. McGee, 981 F.2d 271, 274-76 (7th Cir. 1992); United States v. Behnezhad, 907 F.2d 896, 898-99 (9th Cir. 1990); United States v. Rockwell , 984 F.2d 1112, 1116-17 (10th Cir.), cert. denied, 508 U.S. 966 (1993); United States v. Tatum, 998 F.2d 893, 895-96 (11th Cir. 1993) (per curiam). But see United States v. O'Neil, 11 F.3d 292, 293 (1st Cir. 1993); United States v. Schrader, 973 F.2d 623, 625 (8th Cir. 1992). The Circuit for the District of Columbia has yet to decide this issue.

In response to these interpretations, Congress amended § 3583 in 1994 to specifically authorize a court to reimpose supervised release after revocation. 18 U.S.C. § 3583(h).

tion[s] without a difference." <u>United States v. Molina-Uribe</u>, 853 F.2d 1193, 1197 (5th Cir. 1988), <u>cert</u>. <u>denied</u> , 489 U.S. 1022 (1989); <u>United States v. Smith</u>, 840 F.2d 886, 890, n.3 (11th Cir.), <u>cert</u>. <u>denied</u>, 488 U.S. 859 (1988). The Parole Commission is not able to point to differences between the two types of post-release supervision that would justify employing radically different definitions of the word "revoke."

The Parole Commission next argues that in <u>Cooper</u> we were motivated, not by an interpretation of the word "revoke," but by the disjunctive phrasing of § 3583(e).**3** It is true that there we pointed out that other courts addressing the power of the Parole Commission under § 3583 had relied upon the fact that the court could <u>either</u> extend the term of supervised release <u>or</u> revoke the term of release and reincarcerate the person. <u>Cooper</u>, 962 F.2d at 341 (discussing <u>United States v. Behnezhad</u>, 907 F.2d 896 (9th Cir. 1990)). In <u>Cooper</u>, however, we also discussed a decision of the Fifth Circuit which relied upon the plain meaning of the word "revoke," rather than upon the structure of § 3583. <u>Id</u>. (discussing <u>United States v. Holmes</u>, 954 F.2d 270 (5th Cir. 1992)). We therefore explicitly embraced both lines of analysis in deciding that a term of supervised release, once revoked, could not be reimposed. <u>Id</u>. at 343. We will follow both <u>Cooper</u>'s plain interpretation of the word revoke, and its interpretation of the disjunctive phrasing of § 3583 in deciding the instant case.

Finally, the Parole Commission asserts that we should adopt the reasoning of other circuits which have found that§ 841(c) allows the Commission to reinstate special parole following revocation. The Parole Commission relies on <u>United States Parole Commission v.</u>

_____

**3** 18 U.S.C. § 3583(e) provides that a court may:

> (1) terminate a term of supervised release and discharge the defendant released . . . ;
>
> (2) extend a term of supervised release . . . ;
>
> (3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release . . . without credit for the time previously served on postrelease supervision . . . ; or
>
> (4) order the defendant to remain at his place of residence.

5

Williams, 54 F.3d 820 (D.C. Cir. 1995), and United States v. Billis, 83 F.3d 209 (8th Cir.), cert. denied, 1996 WL 686611 (1996). For two reasons we are not persuaded by the reasoning of those decisions. First, the majority of the circuit courts which have addressed the very issue before us today have rejected the position advocated by the Parole Commission and found that the Commission lacks the power to reimpose special parole. Fowler v. United States Parole Commission, 94 F.3d 835 (3rd Cir. 1996); Evans v. United States Parole Commission, 78 F.3d 262 (7th Cir. 1996); Artuso v. Hall, 74 F.3d 68, 72 (5th Cir. 1996).

Second, neither the Billis court nor the Williams court was bound by a previous interpretation of the word "revoke" in the § 3583 context. The District of Columbia Circuit had never addressed the § 3583 issue, and the Eighth Circuit had interpreted § 3583 to allow reimposition of supervised release. We, in contrast, are bound by our own recent interpretation of "revoke."

The Commission also points to United States v. Gozlon-Peretz, 894 F.2d 1402 (3d Cir. 1990), aff'd, 498 U.S. 395 (1991). The Third Circuit, in a footnote, suggested that a defendant could be "reparoled" after special parole was revoked. Id. at 1405 n.5. It is not clear from that brief note whether the court meant to suggest that the new parole term could also be special parole, or whether the Parole Commission only retained the power to impose a new term of regular parole. Since oral argument in this case, however, the Third Circuit has clarified its position on this matter and has rejected the interpretation of the Parole Commission. In Fowler v. United States Parole Commission, 94 F.3d 835 (3d Cir. 1996), the court joined the Evans and Artuso courts in deciding that once special parole has been revoked, the Parole Commission is without power to issue a new term of special parole. Id. at 841.

The plain language of 21 U.S.C. § 841(c), our own prior interpretation of the word revoke in Cooper, and the reasoned decisions of the majority of our sister circuits all compel us to find that the Parole Commission was without power to reassign Robinson to any of his four additional terms of special parole.

III

We therefore reverse the district court's decision and remand for issuance of a writ of habeas corpus.

<u>REVERSED AND REMANDED</u>

7