**Jimmie Lee WHITNEY, Petitioner,**

v.

**Joseph BOOKER, Warden, Respondent.**

**Civil Action No. 96–Z–1862.**

United States District Court,
D. Colorado.

April 29, 1997.

Jimmie Lee Whitney, Florence, CO, pro se.

William Robert Lucero, U.S. Attorney's Office, Criminal Div., Denver, CO, for Joseph Booker.

## ORDER AND JUDGMENT

WEINSHIENK, District Judge.

The matter before the Court is Jimmie Lee Whitney's Petition For A Writ Of Habeas Corpus under 28 U.S.C. § 2241. Petitioner was convicted of conspiracy to possess and distribute narcotics and was sentenced on March 10, 1978 to a ten-year term of imprisonment, with a six-year term of special parole to follow. Since that time, petitioner was released on special parole on three occasions. Each time he violated his parole and was returned to prison with no credit for time spent on the street. Mr. Whitney alleges in his petition that the United States Parole Commission (USPC) did not have the authority pursuant to 21 U.S.C. § 841(c) (*repealed 1984*), to impose a new term of special parole following imprisonment for his special parole violation.

Pursuant to D.C.COLO.LR 72.4, this matter was referred to Magistrate Judge Rich-

ard M. Borchers, who filed a Recommendation Of United States Magistrate Judge on December 17, 1996, recommending that the petition be granted as to the issue of special parole. Respondent filed timely objections.

As required by 28 U.S.C. § 636(b), the Court has reviewed *de novo* all portions of the Magistrate Judge's Recommendation to which objections have been filed, and has considered carefully the Recommendation, the objections filed and the applicable case law.

Section 841(c), which was in effect at the time of Mr. Whitney's sentencing, provided that:

A special parole term imposed under this section or section 845, [845a, or 845b] of this title may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment.

There is no doubt that when petitioner failed to abide by the conditions of his special parole, the USPC had the authority to revoke the special parole term and reincarcerate him for the entirety of the special parole term. *Id.* Moreover, as a matter of law, when an offender's special parole is revoked, § 841(c) requires forfeiture of the time spent on special parole. *Munguia v. United States Parole Commission,* 871 F.2d 517, 520 (5th Cir.1989). Therefore, the issue to be addressed is whether the USPC had the authority to impose a subsequent special parole term once special parole had been revoked, after the new term of imprisonment.

Although the Tenth Circuit has not yet addressed this precise issue, six other circuits have with a resulting split in authority. The Third, Fourth, Fifth and Seventh Circuits have held that the USPC cannot impose a subsequent term of special parole pursuant to 21 U.S.C. § 841(c). *See United States v. Robinson,* 106 F.3d 610 (4th Cir.1997); *Fowler v. United States Parole Commission,* 94

F.3d 835 (3d Cir.1996); *Artuso v. Hall,* 74 F.3d 68 (5th Cir.1996); *Evans v. United States Parole Commission,* 78 F.3d 262 (7th Cir.1996). These four Courts of Appeal relied on previous decisions in their circuits interpreting the language of a similar statute, 18 U.S.C. § 3583, in which they held that district courts were *not* authorized to impose a subsequent term of supervised release after an offender violated a condition of his first term of supervised release. The Tenth Circuit came to the same conclusion in *United States v. Rockwell,* 984 F.2d 1112, 1117 (10th Cir.), *cert. denied,* 508 U.S. 966, 113 S.Ct. 2945, 124 L.Ed.2d 693 (1993). Since these decisions, Congress has amended § 3583 to reimpose supervised release after revocation. 18 U.S.C. § 3583(h).

In contrast, the Courts of Appeal for the District of Columbia and the Eight Circuit have held that the USPC may impose a subsequent term of special parole following the revocation of special parole. *See Billis v. United States,* 83 F.3d 209 (8th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 252, 136 L.Ed.2d 179 (1996); *United States Parole Commission v. Williams,* 54 F.3d 820 (D.C.Cir.1995). Notably, the Eight Circuit previously had decided that 18 U.S.C. § 3583(e) *did* allow courts to impose a subsequent term of supervised release, *Billis,* 83 F.3d at 211, and the D.C. Circuit had not reached that issue of the application of 18 U.S.C. § 3583, *Williams,* 54 F.3d at 824.

After reviewing the record and the cases cited above, the Court is satisfied that the majority rule and Magistrate Judge's Recommendation are correct. The Court finds the reasoning of the *Evans, Fowler* and *Robinson* cases to be persuasive. Because the Tenth Circuit found that 18 U.S.C. § 3583 did not allow the court to impose another term of supervised release, this Court believes the Tenth Circuit would read the analogous statute of 21 U.S.C. § 841(c) as prohibiting the imposition of a subsequent term of special parole. To hold otherwise would encourage a process in which an offender might never succeed in completing his term of special parole.

When the USPC revokes a term of special parole, it must impose a new term of imprisonment of which the offender "may be required to serve all or part." 21 U.S.C. § 841(c). This new term of imprisonment is a regular term of imprisonment and the general rules applicable to pre–Guidelines sentences apply. *See United States v. Mudd,* 817 F.2d 840, 843 (D.C.Cir.1987) (established pre–Guidelines principle is that "parole is available unless expressly precluded"). As stated by the Seventh Circuit, "the first revocation turns special parole into regular imprisonment, *release from which is normal parole.*" *Evans,* 78 F.3d at 264 (emphasis added). *Accord Fowler,* 94 F.3d at 839; *Robinson,* 106 F.3d at 611. Under the provisions remaining in effect today for those federal offenders who are eligible for normal parole, "street time" credit is given for time spent on parole unless the offender absconds from supervision or commits a new crime while on parole. *See* 18 U.S.C. § 4210.

In Mr. Whitney's case, his initial term of special parole was revoked on June 29, 1990. Contrary to the USPC's interpretation, his subsequent imprisonment was for a regular prison term of six years and any time he spent on parole during that six years was time spent on regular parole for which credit must be given. Consequently, Mr. Whitney should have completed his sentence by approximately June 1996.

Therefore, the Court hereby accepts and adopts the Magistrate Judge's Recommendation with regard to the interpretation of 21 U.S.C. § 841(c). In view of this decision, the Court need not address the other portion of the Recommendation. Accordingly, it is

ORDERED that Jimmie Lee Whitney's Petition For A Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2241 is granted. It is

FURTHER ORDERED that petitioner be released as soon as feasible.