**Ted CALDWELL, Petitioner,**

v.

**Philip SPEARS, Respondent.**

No. 97 Civ. 1399(LAK).

United States District Court,
S.D. New York.

Aug. 21, 1997.

Ted Caldwell, pro se.

Kathleen M. Reidy, Assistant United States Attorney, Mary Jo White, U.S. Attorney, for Respondent.

**MEMORANDUM OPINION**

KAPLAN, District Judge.

Petitioner was sentenced to a term of special parole under 21 U.S.C. § 841(c), since repealed.[1] Upon revocation, he was sentenced to a new term of imprisonment. Subsequently, the Parole Commission imposed a new term of special parole. Petitioner contends that Section 841(c) did not empower the Commission to impose the new term of special parole. He seeks a writ of habeas corpus vacating the additional term.

The question raised here is one that has divided the circuits that have ruled upon it. The Second Circuit has not yet addressed the issue.

*Facts*

Petitioner's relevant criminal history began on March 12, 1980, when he was sentenced to five years in prison and three years of special parole. He was released and his special parole term began on July 24, 1984.

Petitioner then was arrested by the New York City police in January 1985. Upon his release, the United States Marshal took him into custody. He then pleaded guilty in federal court on May 17, 1985 to possession with intent to distribute heroin and was sentenced to six years in prison followed by five years of special parole. On March 6, 1986, the

---

1. Section 841(c) of Title 21 was repealed by the Comprehensive Crime Control Act of 1984, but remains applicable to all crimes committed prior to November 1, 1987. *Fowler v. United States Parole Comm'n,* 94 F.3d 835, 837 n. 1 (3d Cir. 1996).

Parole Commission revoked Caldwell's special parole under the 1980 sentence.

Petitioner was released from his incarceration under the 1985 sentence on December 15, 1991 and began serving the five-year special parole from the 1985 sentence on October 31, 1992. Petitioner was arrested again on August 3, 1994 for violating the terms of the 1985 special parole. That parole was revoked on November 4, 1994. Petitioner was released on December 1, 1995, subject to another term of special parole not to expire until 1999.

On June 6, 1996, plaintiff was arrested for violating his 1985 special parole, which was revoked on November 12, 1996. He remains incarcerated until the earlier of December 6, 1998 or the accrual of five years imprisonment under the 1995 special parole sentence.

## Discussion

█ The sole question presented here is whether Section 841(c) permitted the Parole Commission to impose a term of special parole in 1995 when petitioner was released from incarceration which itself had been imposed for his violation of the terms of the special parole pursuant to the 1985 sentence. The pertinent statute reads in relevant part:

"A special parole term ... may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term ... shall be in addition

to, and not in lieu of, any other parole provided for by law."

The circuits that have addressed this question have divided.[2] Those which have resolved the question as petitioner urges here have found the analogy between Section 841(c), the special parole statute, and 18 U.S.C. § 3583(e)(3), which deals with the revocation of supervised release, highly persuasive. Reasoning from prior decisions in their circuits, which had held that Section 3583(e)(3) does not authorize district courts to impose a subsequent term of supervised release after an offender violates a condition of an initial term of supervised release, each held that Section 841(c) should be construed in a similar manner.

The argument for parallel construction of the two statutes is compelling. The language of both is similar.[3] Moreover, the similarity is no accident. As Judge Easterbrook has explained:

"Special parole was a short lived instrument of federal criminal justice. The Sentencing Reform Act replaced special parole with 'supervised release,' a similar institution but administered by the judicial branch. Congress made the change by substituting the words 'supervised release' for 'special parole' throughout the United States Code and adding new provisions governing the termination of supervised release by district courts." *Evans v. United States Parole Commission*, 78 F.3d at 263.

Hence, differences between the special parole and supervised release statutes have been characterized as "mere 'distinction[s] without a difference.'" *Robinson*, 106 F.3d at 612 (quoting *United States v. Molina–Uribe*, 853 F.2d 1193, 1197 (5th Cir.1988), cert. denied, 489 U.S. 1022, 109 S.Ct. 1145,

**2.** *Compare United States v. Robinson*, 106 F.3d 610, 612–13 (4th Cir.1997) (Parole Commission lacks authority to reimpose special parole); *Fowler v. United States Parole Comm'n*, 94 F.3d 835, 840 (3d Cir.1996) (same); *Evans v. United States Parole Comm'n*, 78 F.3d 262, 264 (7th Cir.1996) (same); *Artuso v. Hall*, 74 F.3d 68, 71 (5th Cir.1996) (same), *with Billis v. United States*, 83 F.3d 209, 211 (8th Cir.) (Parole Commission may reimpose special parole), cert. denied, —— U.S. ——, 117 S.Ct. 252, 136 L.Ed.2d 179 (1996);

*United States Parole Comm'n v. Williams*, 54 F.3d 820 (D.C.Cir.1995) (same).

**3.** Section 3583(e)(3) grants judges the power to: "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision ..." 18 U.S.C. § 3583(e)(3).

103 L.Ed.2d 205 (1989)). Absent persuasive evidence to the contrary, the term "revoke" should be given the same meaning in both statutes.

Although the Second Circuit has yet to construe Section 841(c), it has interpreted Section 3583, holding that a district court may not impose a new term of supervised release after an initial term is revoked: "'Revoke' generally means to cancel or rescind. Once a term of supervised release has been revoked under § 3583(e)(3), there is nothing left to extend, modify, reduce, or enlarge ... The term of release no longer exists." *United States v. Koehler,* 973 F.2d 132, 135 (2d Cir.1992)(quoting *United States v. Holmes,* 954 F.2d 270, 272 (5th Cir.1992)) (certain internal quotations omitted).

Given the persuasiveness of the analogy between the supervised release and special parole statutes, the Second Circuit's treatment of the issue in the supervised release context presages the result for special parole. This Court agrees with Judge Scheindlin, the only judge in this district to have addressed the issue, that *Koehler*'s definition of "revoke" in Section 3583 requires the conclusion that Section 841(c) does not permit imposition of a second term of special parole once the initial term is revoked. *Strong v. United States Parole Comm'n,* 952 F.Supp. 172, 176 (S.D.N.Y.1997). This view is most consistent with the language of Section 841, which nowhere grants the Parole Commission the power to reimpose special parole, *Fowler,* 94 F.3d at 840 ("clear absence of statutory authorization").

The government understandably relies on the D.C. Circuit's contrary conclusion in *United States Parole Comm'n v. Williams,* 54 F.3d 820; *accord, Billis v. United States,* 83 F.3d at 211. The *Williams* court reasoned that (i) the language in Sections 841(c) and 3583 is more different than similar, and (ii) it was clear when Section 841(c) was enacted that "'non-detentive monitoring could follow a prison sentence imposed in consequence of the revocation of a term of parole or special parole.'" *Williams,* 54 F.3d at 823–24 (quoting *United States v. O'Neil,* 11 F.3d 292, 298 (1st Cir.1993)).

To begin with, neither the D.C. Circuit in *Williams* nor the Eighth Circuit in *Billis* "was bound by a previous interpretation of the word 'revoke' in the § 3583 context." *Robinson,* 106 F.3d at 613; *accord, Whitney v. Booker,* 962 F.Supp. 1354, 1355 (D.Colo. 1997). Here, in contrast, the Second Circuit already has held, and this Court therefore must accept, that Section 3583 does not permit imposition of a new term of supervised release after revocation of an initial term, a holding which is highly instructive if not absolutely conclusive. Moreover, the specific arguments advanced by the *Williams* court are unpersuasive.

First, this Court agrees with the Third and Fourth Circuits that the similarities in the language of Sections 841 and 3583 outweigh the differences—the statutes concern revocation of very similar punitive measures.

Second, *Williams'* assertion that "it was widely understood that any of the existing forms of non-detentive monitoring [including parole] could follow a post-revocation sentence of imprisonment," 54 F.2d at 823, is not helpful. As the *Fowler* court pointed out, this begs the question of whether special parole—as distinguished from regular parole—is available as an option to the Parole Commission. 94 F.3d at 840.

Respondent argues also that, despite the similarity of language, there is "a crucial structural difference between the special parole statue [*sic* ] and the supervised release statute." (Resp.Mem. 16) He contends that "a reparole does not amount to the imposition of a 'second term of special parole'... but a reinstatement to supervision on the initial special parole term imposed by the sentencing judge." (Resp.Mem.21) This argument in essence challenges *Koehler*'s definition of "revoke," any criticism of which properly is directed to the Court of Appeals.

█ Finally, the government argues that the Parole Commission's interpretation of Section 841(c), codified at 28 C.F.R. § 2.57(c), is reasonable and thus entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). As the *Fowler* court explained, however, "[w]e owe no deference ... to administrative inter-

pretations or regulations that are based upon an impermissible construction of the statute. Indeed, such a regulation or interpretation is invalid." 94 F.3d at 841 (citations omitted).

Accordingly, this Court holds that petitioner's special parole was terminated when it was revoked on November 4, 1994. The Parole Commission lacked authority to impose special parole on petitioner when he was released in 1995.

### Conclusion

The petition is granted to the extent that the Court holds that the imposition of special parole on petitioner in 1995 was unauthorized. As it appears that petitioner still is properly in custody, the Court will not order his release. The matter is remanded to the Parole Commission for such further proceedings as may be consistent with this decision.

SO ORDERED.