**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4597

ROCKY WOOD,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
J. Calvitt Clarke, Jr., Senior District Judge.
(CR-91-59)

Submitted: September 29, 1997

Decided: October 7, 1997

Before HALL and MOTZ, Circuit Judges, and
MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Vacated by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Charleston, West Vir-
ginia, for Appellant. Helen F. Fahey, United States Attorney, Kevin
M. Comstock, Assistant United States Attorney, Norfolk, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rocky Wood appeals the district court's revocation of supervised release and the imposition of a twenty-four month term of imprisonment. We vacate the sentence.

The government concedes that the district court was without authority to impose the 1991 and 1994 revocation sentences. See United States v. Alli, 929 F.2d 995, 998 (4th Cir. 1991) ("[F]ollowing revocation of probation, the court is limited to a sentence within the guidelines available at the time of the original sentence"), and United States v. Cooper, 962 F.2d 339, 340 (4th Cir. 1992) ("[U]pon revoking a previously imposed term of supervised release,[a court] has no authority to impose another term of supervised release but may only order reincarceration"). The government's only argument is that Wood has waived or forfeited his right to raise the illegality of the earlier sentences for the first time in the appeal of the 1996 sentence. We reject the argument for a number of reasons.

The errors in the 1991 and 1994 revocation sentences are clear, and the government as much as concedes that the cumulative effect of the three erroneous sentences amounts to error in the current sentence that is "plain." See United States v. Olano, 507 U.S. 725, 732-33 (1993). Moreover, it is clear that Wood could have attacked the legality of all of the sentences in a habeas corpus proceeding at any time he remained under supervision as a result of the 1990 conviction. See United States v. Robinson, 106 F.3d 610 (4th Cir. 1997) (granting a writ of habeas corpus in a case in which special parole had been reimposed after each of four revocations, although no direct appeal had been taken from any of these sentences). The closer questions are whether the error is prejudicial and, if so, whether we should exercise our discretionary authority to correct it. See id. at 735-36. We answer both in the affirmative.

2

When Wood was initially sentenced in 1990, his Guidelines range was 8-14 months. Now, in 1997, the sentence on appeal extends the period of supervision over Wood to a point almost two years beyond the date at which he would have been free of <u>any</u> supervision had the district court proceeded correctly from the beginning, operated under no misapprehension as to the sentencing options available at each juncture, and imposed the maximum available sentences in 1991 and 1994. Thus, we readily find prejudicial error that "seriously affect[s] the fairness" of the sentencing process. <u>Id.</u> at 736. Accordingly, the sentence is vacated.

<u>VACATED</u>

3