NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0167n.06
Filed: March 3, 2005

NO. 03-2231

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CHRISTOPHER GILLMORE, )
)
)
Plaintiff-Appellant, )
)
) ON APPEAL FROM THE UNITED
v. ) STATES DISTRICT COURT FOR THE
) EASTERN DISTRICT OF MICHIGAN
)
UNITED STATES PAROLE COMMISSION,)
)
)
Defendant-Appellee. )
_____

BEFORE: BATCHELDER and DAUGHTREY, Circuit Judges, and DOWD,[*]
District Judge.

**PER CURIAM.** The plaintiff, Christopher Gillmore, appeals the district court's denial

of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. We dismiss

the appeal as moot.

In 1996, Gillmore was released from prison on special parole. After he violated his

parole conditions, Gillmore was re-incarcerated, then let out again on regular parole. After

Gillmore violated his parole conditions a second time, the United States Parole Commission

[*]The Hon. David D. Dowd, United States District Judge for the Northern District of Ohio, sitting by
designtion.

converted his regular parole into special parole and issued a warrant for his arrest. Gillmore signed an expedited revocation agreement agreeing to be placed on parole once again, after six months imprisonment. Gillmore was not credited with his "street time" – the time between the date when he was re-released from prison on regular parole and the date when he was arrested for violating parole – because "street time" is not credited when special parole is revoked. Gillmore argues that the Parole Commission lacked authority to reimpose a special parole term after his first term of special parole was revoked. He also argues that his due process rights were violated when his "street time" was not credited, because the Parole Commission converted his regular parole to special parole only after he had violated his parole conditions, and without notice to him that such action would be taken in the event of a violation of his regular parole.

It appears that the conversion to special parole was improper under our decision in *Dolfi v. Pontesso*, 156 F.3d 696 (6th Cir. 1998), in which we noted that the consequences of revoking special parole were described in 21 U.S.C. § 841(c), that the statute was silent on whether the Parole Commission had such authority, and that the majority of circuits had held that it did not. We held that:

> The statute's use of the word revoke is the linchpin of these decisions. [These cases] have all held that once an offender's original term of special parole is 'revoked,' the special parole term disappears and is replaced by a term of imprisonment that can only be cut short under traditional parole . . . .

*Id*. at 698-99. Moreover, we conclude, contrary to the government's insistence, that the ruling in *Dolfi* has not been disturbed by the Supreme Court's subsequent decision in

- 2 -

*Johnson v. United States*, 529 U.S. 694 (2000), because the latter case concerned a court's authority to reimpose supervised release following re-incarceration, not the conversion of regular parole to special parole.

Nevertheless, it appears that the plaintiff's period of parole ended on December 9, 2004, and that he is no longer subject to the control of the Parole Commission. For that reason, we find that the question raised by the habeas petition has been rendered moot, and we therefore DISMISS the appeal.