972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roy ROYBAL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-56061.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Aug. 24, 1992.
 
 Before WILLIAM A. NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roy Roybal appeals the district court's denial of his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. We affirm.
 
 BACKGROUND
 
 3
 On March 5, 1975, Roybal pleaded guilty to one count of an indictment charging him with removal of property subject to seizure, in violation of 18 U.S.C. § 2232. The district court sentenced Roybal to imprisonment until discharged by the Youth Correction Division of the Board of Parole, as provided in 18 U.S.C. § 5017(c). However, the court suspended the execution of the sentence and placed Roybal on five years' probation.
 
 
 4
 On June 29, 1976, Roybal, along with three others, was arrested and charged with conspiracy to smuggle a controlled substance. Roybal pleaded guilty to Count Four of the indictment, which charged him with possession of a controlled substance--marijuana--with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).
 
 
 5
 The district court revoked Roybal's probation and committed him to the custody of the Attorney General for the remainder of his five-year term. For the marijuana offense, the court sentenced Roybal to five years' imprisonment, but again suspended the execution of the sentence and placed Roybal on five years' probation. The court also imposed a fifteen-year special parole term, as prescribed by 21 U.S.C. § 841(b)(1)(B). The court specified that the sentence imposed in the marijuana case was to run consecutively to the sentence previously imposed on Roybal.
 
 
 6
 On March 14, 1983, while serving his five-year term of probation for the marijuana offense, Roybal was convicted of drunk driving with a prior conviction and resisting arrest. Consequently, the district court revoked Roybal's probation and sentenced him to three years' imprisonment pursuant to 18 U.S.C. § 4205(b)(2).
 
 
 7
 On November 7, 1990, while serving the special parole term for his marijuana offense, Roybal filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on the ground that he had not received effective assistance of counsel. Specifically, Roybal argued that he entered the plea bargain because counsel failed to inform him of the maximum term of incarceration or the special parole term prescribed for his offense.
 
 
 8
 The district court denied Roybal's motion without an evidentiary hearing on the ground that Roybal unreasonably delayed in filing the motion. Roybal timely appealed.
 
 DISCUSSION
 
 9
 A district court may dismiss a petition for a writ of habeas corpus upon a showing that (1) the state has been prejudiced in its ability to respond to the petition, (2) the prejudice to the state resulted from petitioner's delay, and (3) the petitioner has not acted with reasonable diligence as a matter of law. Harris v. Pulley, 852 F.2d 1546, 1558 (9th Cir.1988), cert. denied, 493 U.S. 1051 (1990) (citations omitted). Because the rules governing section 2254 proceedings are virtually identical to those governing proceedings under section 2255, we conclude that Harris furnishes the appropriate standard for determining whether Roybal delayed unreasonably in filing his petition.
 
 
 10
 Under Harris, the government must make a prima facie showing that it has been prejudiced by the petitioner's delay. The burden is met if the government can show that the delay has foreclosed its ability to rebut the petitioner's allegations. Harris, 852 F.2d at 1558. In the case before us, the government has shown that as a result of Roybal's fifteen-year delay, it no longer has most of the significant documents or records that are needed in order to respond to Roybal's allegations. The district court found that the prosecuting attorney, the defense attorney and probation officials involved in Roybal's case have neither records nor any memories of the plea bargain agreement entered into by Roybal. We conclude that the government has met its burden.
 
 
 11
 The burden then shifts to the petitioner to show either that the state actually has not been prejudiced or that the delay is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred. Harris, 852 F.2d at 1558 (citations omitted). Roybal has not made either showing.
 
 
 12
 Nor may Roybal assert that his delay is legally excused. Under Harris, a legal excuse for delay exists only if new facts have arisen since a prior petition for relief which were not reasonably ascertainable at the time of the filing of the earlier petition, or if the law has changed in some substantive manner in the interim. Id. at 1561 (citations omitted). Roybal alleges that he delayed filing his section 2255 motion because his counsel informed him that he could not appeal his special parole term until he violated it. Even if true, Roybal's excuse for his delay does not constitute a legal excuse under Harris because he alleges neither new facts nor changed law.
 
 
 13
 Because Roybal did not act with reasonable diligence, and because his delay in filing his section 2255 motion has substantially prejudiced the government, we affirm the district court's denial of Roybal's motion to vacate, set aside or modify his sentence without reaching the remaining issues raised by Roybal.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3