**Lizardo MARQUEZ–PEREZ,
Petitioner–Appellant,**

**v.**

**David RARDIN, Respondent–Appellee.**

No. 98–56048.

United States Court of Appeals,
Ninth Circuit.

Argued and submitted April 7, 2000.

Decided Aug. 10, 2000.

Marcia G. Shein, Atlanta Georgia, for the appellant.

Elana Shavit Artson and Ray Jurado, Office of the United States Attorney, Los Angeles, California, for the appellee.

Before: Stephen Reinhardt, and Diarmuid F. O'Scannlain, Circuit Judges, and William W Schwarzer,[1] Senior District Judge.

REINHARDT, Circuit Judge:

Because the record before us does not reflect that the Parole Commission or any Commissioner considered Marquez–Perez's request for reconsideration of his parole date, we vacate the district court's judgment, and remand for further proceedings. Some of the important facts on which the Commission based its decision to establish Marquez–Perez's parole date in the first instance have been eliminated from the pre-sentence report by stipulation. Still, insofar as we can determine from the record before us, the Commission failed even to consider Marquez–Perez's request for reconsideration, instead allowing that function to be performed by a "case analyst." While the Parole Commission enjoys wide latitude in structuring its workload, it may not delegate its statutory responsibilities in ways not authorized by Congress. *See* 18 U.S.C. § 4203(c) (repealed 1984) (explicitly defining the scope of permissible delegation). Delegation to a case analyst is not among the authorized procedures.

## BACKGROUND

Marquez–Perez was convicted in the United States District Court for the Southern District of Florida of conspiracy to possess with intent to distribute cocaine; possession with intent to distribute cocaine; and conspiracy to import cocaine. 21 U.S.C. §§ 841, 846. On November 1, 1985, the district judge sentenced him to 40 years imprisonment after considering, among other things, a pre-sentence report that contained significant information later deleted by stipulation entered into by Marquez–Perez and the government. *United States v. Marquez–Perez,* No. 84–493–CR–KING (S.D. Fla. filed Nov. 1, 1985). On October 8, 1992, Marquez–Perez filed a petition for habeas corpus in the United States District Court for the Southern District of Florida challenging his sentence. On August 31, 1994, he received his initial parole hearing. The Parole Commission, relying in part on the pre-sentence report, set his presumptive parole date at 240 months.[2]

Meanwhile, the habeas corpus litigation continued. Marquez–Perez and the government entered into a stipulation on July 8, 1997 that certain allegations of wrongdoing in Marquez–Perez's pre-sentence report would be stricken. Stipulation Resolving Factual Disputes, *Marquez–Perez v. United States,* No. 92–2499–CIV–KING (S.D. Fla. filed July 8, 1997). The allegations to be eliminated were quite damaging; they included the claim that he was a fugitive from justice in Venezuela because of his participation in a major drug organization, and that he was "one of the prime

---

1. The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

2. The hearing examiner panel that conducted Marquez–Perez's initial parole hearing recommended parole after 160 months. The Parole Commission rejected this recommendation and set the presumptive parole date at 240 months. Marquez–Perez raises numerous constitutional and statutory challenges to this action.

movers in [an] illegal drug smuggling organization." *Id.*

On March 3, 1997 Marquez–Perez filed another habeas petition, this time in the United States District Court for the Central District of California, challenging the Parole Commission's decision to set his presumptive parole date at 240 months. Shortly thereafter, on September 9, 1997, the pre-sentence report was revised in order to comport with the stipulation in the Florida litigation. Counsel for Marquez–Perez then wrote to the Parole Commission requesting that it exercise its discretion under 28 C.F.R. § 2.28(a) to reopen Marquez–Perez's case. As we describe in more detail below, Marquez–Perez's request appears not to have been acted upon by the Commission or any Commissioner. Nevertheless, on May 13, 1998, the United States District Court for the Central District of California dismissed Marquez–Perez's petition for habeas corpus, apparently in the belief that the Commission had declined to reopen the matter. It found that in doing so, the Commission had not acted arbitrarily. It is from the 1998 habeas decision that this appeal arises.

## ANALYSIS

### A. Jurisdiction To Review Actions of the Parole Commission

■ Federal courts have limited jurisdiction to review the Parole Commission's actions. *See Wallace v. Christensen,* 802 F.2d 1539 (9th Cir.1986) (en banc). While in general we may not review the Parole Commission's discretionary judgments, we may "consider whether the Commission

has acted outside [its] statutory limits." *Id.* at 1551. Such review includes determining whether the Commission honored the limits on its decision-making processes imposed by Congress. *See id.* at 1545.

### B. Rejection of Marquez–Perez's Request

■ Under 28 C.F.R. § 2.28(a), a single Commissioner has the authority to reopen a case.[3] It is unclear from a review of cases discussing § 2.28(a) when a single Commissioner exercises this authority and when decisions are made by the Commission itself. *See, e.g., Camacho v. White,* 918 F.2d 74, 76 & n. 2 (9th Cir.1990) (prisoner requested Commission reopen his case and *"[t]he Commission* denied the request" (emphasis added)). In either event, the § 2.28(a) process "is provided to assure fairness in every decision." *See Wallace,* 802 F.2d at 1558–59 (Kozinski, J. concurring) (quoting S.Rep. No. 94–369, at 15, *reprinted in* 1976 U.S.C.C.A.N. 335, 336).

The discretionary authority to reopen cases by definition includes the authority to determine whether or not a case should be reopened. No provision of the statute or regulations authorizes the delegation of this authority to anyone except a Commissioner. *Cf.* 18 U.S.C. § 4203(c)(2) (repealed 1984) (authorizing Commission to delegate to hearing examiners power necessary to conduct hearings); 8 C.F.R. § 2.23 (authorizing hearing examiners to conduct parole hearings and make recommendations, but reserving authority to make parole decisions for Commissioners).[4]

---

**3.** 28 C.F.R. § 2.28(a) provides in part: "[t]he appropriate Regional Commissioner may, on his own motion, reopen a case at any time upon the receipt of new information of substantial significance favorable to the prisoner." It then establishes explicit procedures to be followed in reconsidering cases. After the "Regional Commissioner" reopens a case, he may order a hearing, reverse, or modify the decision. For certain significant modifications, the regulations specify that two Commissioners must concur.

**4.** The statute explicitly defines the scope of permissible delegation of authority. It provides that the Commission may, "by majority vote," delegate to any Commissioner or Commissioners the Commission's power to grant, deny and modify parole, and delegate its authority to conduct hearings and make recommendations to hearing examiners. 18 U.S.C. § 4203(c) (repealed 1984). While in 1984 Congress enacted legislation repealing the statute, it remains in force with regard to parole for people whose offenses were committed before November 1, 1987. Comprehensive Crime Control Act of 1984,

■ Moreover, the exercise of the Commission's discretionary functions is governed by the Administrative Procedure Act. 5. U.S.C. § 706 (1994). *See* 18 U.S.C. § 4218(c) (repealed 1984) (governing judicial review of Commission actions); *Valona v. United States Parole Commission,* 165 F.3d 508, 510–11 (7th Cir.1998) (finding the Commission withheld action on a parole request in violation of the Administrative Procedure Act). The Administrative Procedure Act instructs courts to "set aside agency action ... found to be ... without observance of procedure required by law." § 706(2)(D). When the authority to decide whether or not to act under 28 C.F.R. § 2.28(a) is exercised by a staff member, the Commission has acted in a manner not authorized by its regulations and "without observance to procedure required by law."

It does not appear from the record that any Commissioner considered the substantial changes in the pre-sentence report and decided not to change the parole date, or even that any Commissioner decided not to consider the request for reconsideration. At oral argument, counsel for the government stated that no Commissioner examined Marquez–Perez's request for reconsideration and that it never got past the desk of a "case analyst," who acted upon it herself. If, in fact, the Commission allowed a case analyst to rule upon Marquez–Perez's request for relief, then the Commission exceeded its authority.

The record in this case (insofar as it pertains to Marquez–Perez's request for reconsideration) contains no decision by the Commission, no other action purporting to bear the signature of any Commissioner, and no record of any such determination. Instead, it contains two letters written and signed by a case analyst. In the first letter, the analyst writes that "the Parole Commission will not be revising" its parole decision, stating that the Commission considered all the evidence the first time and that, even with the factual changes contained in the stipulation, there

is sufficient evidence to support that decision. The letter does not assert that the Parole Commission or any Commissioner considered the new facts Marquez–Perez sought to bring to the Commission's attention and does not state who, if anyone, made the determination that the new information would not affect the Commission's decision. In fact, a careful examination of the text of the letter would cause any objective reader to conclude that no action may have been taken on Marquez–Perez's request by the Commission or by any individual Commissioner, and that it was the case analyst who made the decision.

When, following receipt of the case analyst's response, counsel for Marquez–Perez attempted to bypass the case analyst and call her client's problem directly to the attention of the individual Commissioner within whose jurisdiction the request apparently fell, she received a second letter from the case analyst. It states "[a]s stated in my [first letter], the Commission has considered all available and pertinent information in this case and has determined that there will be no change in the decision." That is the sum total of the substantive portion of the letter. The second response incorrectly describes what the first response stated, and, again, constitutes only a reply by a staff member of uncertain rank and authority. It neither contains nor refers to any record of a formal decision by, or action of, the Commission itself, or of any Commissioner; nor does it identify the date or place of any such occurrence.

At oral argument, when asked why the responses to petitioner's request came from a case analyst, the attorney for the government first stated that the Commission's practice was that "clerks" (or case analysts) screen the motions to reopen, and pass on to the Commission only those which the clerks believe have potential merit. Counsel made this assertion clearly and unequivocally. She added, in expla-

§ 235(b)(1)(A), Pub.L. No. 98–473, 99 Stat. 1837 (as amended).

nation as to why all the requests for Commission action were not forwarded to the Commission, that the Commission receives quite a lot of mail and is extremely busy. After all three members of this panel expressed incredulity at these statements, counsel for the government recanted. She stated that she had "mis-spoken," and that the Commission itself made the decisions. This belated and dubious representation is insufficient to provide a substitute for what the record lacks—a decision or order by the Commission, or a Commissioner, or any formal record of one.

## CONCLUSION

While it is possible that there is sufficient evidence to support Marquez–Perez's current parole date notwithstanding the revisions ordered by the sentencing court, there is now clearly a different quantum of relevant evidence before the Commission than there was at the time the Commission set that date. Given the state of the record and the nature of the statements by the government at oral argument, we cannot be confident that the Commission or any Commissioner has considered Marquez–Perez's request to reopen in light of the modifications that have been made to his pre-sentence report. We are thus required to reverse. The Parole Commission must not only follow orderly procedures, but must be prepared to establish the nature of its actions when constitutional claims are asserted in the federal courts. Because of the conclusion we reach on this question, we do not consider the other issues raised by Marquez–Perez.

We VACATE the district court's denial of the petition for habeas corpus with instructions that the district court remand to the Parole Commission so that the Commission or a Commissioner may consider Marquez–Perez's request to reopen or, in the alternative, may provide a supplemental record of proceedings, reflecting that Marquez–Perez's request was considered and rejected by the Commission or a Commissioner prior to the issuance of the case analyst's letters.

VACATED and REMANDED for further proceedings in conformity with this opinion.