**Roy ROYBAL, Petitioner,**

v.

**W.H. SEIFERT, Warden, United States Parole Commission, Respondents.**

No. CV 00–8396 RC.

United States District Court,
C.D. California.

Dec. 20, 2000.

Roy Roybal, Anaheim, CA, pro se.

Karen I. Meyer, Assist. U.S. Atty., spring Street, Los Angeles, CA, for respondent.

## MEMORANDUM DECISION AND ORDER

CHAPMAN, United States Magistrate Judge.

On August 7, 2000, petitioner Roy Roybal, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued incarceration. Specifically, the petitioner claims that, having revoked his initial special parole term, the United States Parole Commission ("Commission") had no authority to impose an additional special parole term, or to place him on regular parole, or to take away his "street time." Petition at 7–17. The petitioner seeks "his release from custody and ... that any and all special or regular parole terms [be] concluded." *Id.* at 17. The respondents filed a return to the petition on October 11, 2000; however, petitioner did not file a traverse.

The parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

## BACKGROUND

On March 5, 1975, in the United States District Court for the Southern District of California, petitioner pleaded guilty to, and was convicted of, one count of removal of property subject to seizure in violation of 18 U.S.C. § 2232. *Roybal v. United States,* 972 F.2d 1342, 1992 WL 204017 (9th Cir.1992) (table) (unpublished disposition). The Ninth Circuit has succinctly noted petitioner's criminal and sentencing history, as follows:

> [The petitioner was] sentenced ... to imprisonment until discharged by the Youth Correction Division of the Board of Parole.... However, the [district] court suspended the execution of the sentence and placed [petitioner] on five years' probation. [¶] On June 29, 1976, [petitioner] ... was arrested and charged with conspiracy to smuggle a controlled substance. [The petitioner] pleaded guilty to ... possession of a controlled substance—marijuana—with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). [¶] [On October 21, 1976, t]he district court revoked [petitioner's] probation and committed him to the custody of the Attorney General for the remainder of his five-year term. For the marijuana offense, the court sentenced [petitioner] to five years' imprisonment, but again suspended the execution of the sentence and placed [petitioner] on five years' probation. The court also imposed a fifteen-year special parole term, as prescribed by 21 U.S.C. § 841(b)(1)(B). The court specified that

the sentence imposed in the marijuana case was to run consecutively to the sentence previously imposed on [petitioner]. [¶] On March 14, 1983, while serving his five-year term of probation for the marijuana offense, [petitioner] was convicted of drunk driving with a prior conviction and resisting arrest. Consequently, the district court revoked [petitioner's] probation and sentenced him to three years' imprisonment pursuant to 18 U.S.C. § 4205(b)(2).

*Id.;* Return, Exh. A.

On April 8, 1985, petitioner's three-year sentence expired, and he began serving his fifteen-year special parole term, with the full-term completion date set on April 7, 2000. Return, Exh. B at 10. On August 24, 1990, petitioner was arrested under a special parole violator warrant. *Id.* at 7. On October 25, 1990, the Commission revoked petitioner's special parole and did not credit petitioner with any of the more than five years he had spent on special parole. Return, Exh. C.

On September 8, 1992, petitioner was again released on special parole. Return, Exh. B at 8. On December 11, 1996, petitioner was again arrested under a special parole violator warrant. Return, Exh. B at 5. On February 18, 1997, the Commission again revoked petitioner's special parole and did not credit petitioner with any of the more than four years he had spent on special parole, based on petitioner's April 7, 1996 conviction in Orange County

Superior Court for possession of marijuana for sale.[1] Return, Exh. D.

On March 14, 1997, petitioner was again released on special parole. Return, Exh. B at 6. On June 25, 1998, petitioner was arrested under a special parole violator warrant. *Id.* at 1. On July 22, 1998, the Commission converted petitioner from special parole to "ordinary" parole under 28 C.F.R. § 2.52. Return, Exh. E. On November 25, 1998, the Commission revoked petitioner's ordinary parole and did not credit the fifteen months petitioner had spent on parole, based on petitioner's October 8, 1997 conviction in Orange County Superior Court for making terrorist threats. Return, Exh. F.

■ On May 25, 1999, petitioner was released on ordinary parole, with the full-term completion date set on March 6, 2011. Return, Exh. B at 2. On June 16, 2000, petitioner was arrested for violating ordinary parole, Return, Exhs. G–H; at the time petitioner filed the pending habeas petition, petitioner was in federal custody.[2] Pursuant to Fed.R.Evid. 201, the Court takes judicial notice that on November 20, 2000, petitioner filed a change of address in which he lists a street address, rather than an institutional address.[3]

## DISCUSSION

### I

■ The Commission has broad discretion in setting parole,[4] and "[t]he scope

---

1. On September 15, 2000, the Commission clarified this order and considered the petitioner's release as if it had been "ordinary" parole. Return, Exh. J. As an ordinary parole violation, the Commission found that petitioner must "[f]orfeit time spent on parole from September 8, 1992 to December 11, 1996. The basis for this forfeiture is your conviction on April 7, 1996 in Orange County Superior Court for Possession of Marijuana for Sale." *Id.*

2. The Court has been provided with no information regarding whether petitioner's ordinary parole has again been revoked and whether his street time was again forfeited.

3. Since the pending habeas corpus petition requests petitioner's unconditional release from federal custody and the termination of his parolee status, his habeas petition is not moot, even if petitioner is no longer in custody. *Fraley v. United States Bureau of Prisons,* 1 F.3d 924, 925 (9th Cir.1993)(per curiam).

4. The statutes governing parole, 18 U.S.C. §§ 4201–4218, have been repealed, Pub.L. No. 98–473 § 218(a)(5), 98 Stat.2027 (1984), but continue in effect as to petitioner's offense. *See Id.* § 235(b)(1), 98 Stat.2032; Pub.L. No. 101–650, § 316, 104 Stat. 5089, 5155 (1990); Pub.L. No. 104–232, § 2(a), 110 Stat. 3055 (1996) (extending the life of 18 U.S.C. § 4201–4218 for fifteen years).

of judicial review of the Commission's parole decision[s] ... is exceedingly narrow." *Walker v. United States*, 816 F.2d 1313, 1316 (9th Cir.1987); *Marquez–Perez v. Rardin*, 221 F.3d 1139, 1141 (9th Cir.2000). Nevertheless, "a decision that 'involves a plain violation of a matter which does not admit of discretion and choice' (such as the failure to follow certain statutory requirements) is reviewable." *Walker*, 816 F.2d at 1316 (citations omitted); *Wallace v. Christensen*, 802 F.2d 1539, 1551–52 (9th Cir.1986) (en banc). This Court, thus, retains "jurisdiction to consider claims alleging that the Commission violated the Constitution," *Bono v. Benov*, 197 F.3d 409, 411 (9th Cir.1999); *Meador v. Knowles*, 990 F.2d 503, 506 (9th Cir.1993); *Wallace*, 802 F.2d at 1552, or acted outside its statutory limits. *Marquez–Perez*, 221 F.3d at 1141; *Meador*, 990 F.2d at 506.

Here, the petitioner contends that the Commission has acted in excess of its statutory authority in imposing additional special parole terms after his first special parole term was revoked. Thus, petitioner has properly brought this action under 28 U.S.C. § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir.2000) (per curiam) ("[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); *Robles v. United States*, 146 F.3d 1098, 1100 (9th Cir.1998) (habeas corpus petition properly attacks Commission's statutory authority to impose multiple special parole terms); *Evans v. United States Parole Comm'n*, 78 F.3d 262, 264 (7th Cir.1996) ([Section] 2241(c)(3) authorizes "relief for any person 'in custody in violation of the Constitution or laws or treaties of the United States.'").

## II

Special parole is a type of post-release supervision that predates, and was superseded by, the Sentence Reform Act of 1984 ("Act"), which enacted sentencing guidelines. *Artuso v. Hall*, 74 F.3d 68, 69 (5th Cir.1996); *Fultz v. Stratman*, 963 F.Supp. 926, 929 (S.D.Cal.1997); *see also* 28 C.F.R. § 2.57(a) (defining special parole as "an additional period of supervision which commences upon completion of any period on parole or mandatory release supervision from the regular sentence; or if the prisoner is released without supervision, commences upon such release"). Prior to the Act, special parole was mandatory for persons convicted of certain drug offenses, *Dolfi v. Pontesso*, 156 F.3d 696, 697 (6th Cir.1998); *Artuso*, 74 F.3d at 69, and persons sentenced prior to the Act remain subject to the previous law. *Dolfi*, 156 F.3d at 697; *Evans*, 78 F.3d at 263; *Fultz*, 963 F.Supp. at 929.

Three things are "special" about special parole, as the Ninth Circuit has noted:

> [F]irst, special parole follows the term of imprisonment, while regular parole entails release before the end of the term; second, special parole was imposed, and its length selected, by the district judge rather than by the Parole Commission; third, when special parole is revoked, its full length becomes a term of imprisonment. In other words, "street time" does not count toward completion of special parole....

*Robles*, 146 F.3d at 1100 (quoting *Evans*, 78 F.3d at 263); *see also Artuso*, 74 F.3d at 69 ("If a defendant violated a special parole condition, the [Commission] could return the parolee to prison for a time period less than or equal to the length of the special parole term calculated without credit for street time already served. For example, suppose a defendant received a sentence of 15 years imprisonment, 7 years normal parole, and 5 years special parole. After 22 years, the defendant would begin serving his special parole time on the street. If at year 26 month 11 the defendant violated a condition of special parole, the [Commission] could reimprison the defendant for up to five years. In such a case, the [Commission] could grant the defendant no credit for the four years 11 months of special parole time spent on the street.").

The revocation of special parole is governed by former 21 U.S.C. § 841(c), which,

although repealed in 1984, "remains applicable to criminal offenses committed before November 1, 1987." *Robles,* 146 F.3d at 1099 n. 1. Section 841(c) provides:

> A special parole term ... may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment. A special parole term ... shall be in addition to, and not in lieu of, any other parole provided for by law.

21 U.S.C. § 841(c)(repealed 1984). The Commission, pursuant to 18 U.S.C. § 4203(a)(1) (repealed), has promulgated regulations interpreting Section 841(c) that permit it "to re-parole to special parole." 28 C.F.R. § 2.57(c); *Strong v. United States Parole Comm'n,* 141 F.3d 429, 432 (2d Cir.1998). The Ninth Circuit, and most other federal appellate courts,[5] have held, however, that Section 841(c) "provides for no imposition of special parole by the [Commission] after the original special parole is revoked." *Robles,* 146 F.3d at 1100. In reaching this holding, the Ninth Circuit opined:

> When it is revoked, the "original" term of imprisonment is increased by the entire term of the special parole, resulting in a "new term of imprisonment." Nothing in the statute authorizes the [Commission] to create a new term of special parole, or somehow to "reinstate" the old one. The old one has been revoked. The "new term of imprisonment" gives the [Commission] the power it normally has when dealing with a fixed term of imprisonment: it can require the prisoner to serve the full term, or it can release him or her on regular parole for part of that term. That is what the statute means when it states that the "person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment."

*Id.*[6]

■ Here, the petitioner claims he is being detained unlawfully because the Commission lacked authority to release him on special parole on September 8, 1992, after it had already revoked his special parole term; thus, "any subsequent violations ... [were] unlawful." Petition at 8. There is no merit to this claim.

The petitioner began serving his fifteen-year special parole term on April 8, 1985; however, on August 24, 1990, petitioner was arrested under a special parole violator warrant, and subsequently, the Commission revoked petitioner's special parole term and refused to credit any of petitioner's "street time." Under *Robles,* this rev-

---

5. The Second, Third, Fourth, Fifth, Sixth, Seventh and Tenth Circuits have reached the same conclusion. *Dolfi,* 156 F.3d at 698–701; *Strong,* 141 F.3d at 432–33; *Whitney v. Booker,* 147 F.3d 1280, 1281–82 (10th Cir.1998); *United States v. Robinson,* 106 F.3d 610, 612 (4th Cir.1997); *Fowler v. United States Parole Comm'n,* 94 F.3d 835, 841 (3d Cir.1996); *Evans,* 78 F.3d at 264–66; *Artuso,* 74 F.3d at 71. The Eighth and District of Columbia Circuits have reached the opposite conclusion. *Billis v. United States,* 83 F.3d 209, 211 (8th Cir.) (per curiam), *cert. denied,* 519 U.S. 900, 117 S.Ct. 252, 136 L.Ed.2d 179 (1996); *United States Parole Comm'n v. Williams,* 54 F.3d 820, 824 (D.C.Cir.1995).

6. The Ninth Circuit, in reaching its holding in Robles, relied, in part, on *United States v. Behnezhad,* 907 F.2d 896 (9th Cir.1990), which the Supreme Court has recently overruled in *Johnson v. United States,* 529 U.S. 694, ——, 120 S.Ct. 1795, 1807, 146 L.Ed.2d 727 (2000). The Supreme Court's decision in Johnson, thus, casts doubt upon the continued vitality of the Robles decision. *See id.* at ——, 120 S.Ct. at 1806–07 (stating that, prior to the Act, "there seems never to have been a question that a new term of parole could follow a prison sentence imposed after revocation of an initial parole term"). Since the Commission in 1998 modified petitioner's parole status to comply with Robles, this Court need not address the extent to which Robles continues to be the law of this circuit.

ocation served to increase petitioner's original sentence by fifteen years, resulting in a "new term of imprisonment." *Robles,* 146 F.3d at 1100. Thus, petitioner's new term of imprisonment was to expire fifteen years from his reimprisonment, or on August 23, 2005. Return, Exh. B at 8.

When the Commission again paroled petitioner to a new term of special parole on September 8, 1992, the Commission acted in excess of its authority, as determined by the Ninth Circuit in Robles. *Robles,* 146 F.3d at 1100. Rather, petitioner should have been "release[d] on ordinary parole." *id.* at 1102; *Dolfi,* 156 F.3d at 698–99, and any subsequent parole violations should have been treated as ordinary parole violations. *Robles,* 146 F.3d at 1102.

Treating petitioner's 1992 release as if it were ordinary parole, petitioner argues, first, that his term of imprisonment should now be over and, second, that even if his term is not complete, the Commission was required to release him in 1992 because it improperly released him on special, rather than ordinary, parole. As discussed above, petitioner's term of imprisonment, as of 1990, was to end August 25, 2005;

thus, there is no merit to petitioner's first claim. Unfortunately for the petitioner, Robles is no authority for petitioner's second claim, and the Court has found no authority supporting petitioner's proposition. To the contrary, all that Robles requires is that petitioner's parole status be treated as ordinary parole, and the Commission has done that, albeit belatedly.[7]

■ The petitioner also claims that the Commission has improperly revoked his "street time" on three separate occasions; however, the petitioner does not claim that he was denied due process in any hearing before the Commission, or that the Commission failed to properly exercise its discretion in forfeiting his street time. *See Rizzo v. Armstrong,* 921 F.2d 855, 861 (9th Cir.1990) ("[F]orfeiture of street time in all instances [is not mandatory, but instead] a discretionary decision on the part of the Commission."). An ordinary parolee generally receives credit for his "street time" unless he incurs a new conviction while on parole, absconds or willfully refuses to respond. *See* 18 U.S.C. § 4210(b) & (c); 28 C.F.R. § 2.52(c)(2) and Appendix to § 2.52;[8] *Zitto v. Crabtree,* 185 F.3d 930,

---

7. In 1998, following the Robles decision, the Commission converted petitioner's parole status from special parole to ordinary parole.

8. 28 C.F.R. § 2.52(c) (2000) provides, in pertinent part:

A parolee whose release is revoked by the Commission will receive credit on service of his sentence for time spent under supervision, except as provided below: ... (2) It is the Commission's interpretation of 18 U.S.C. 4210(b)(2) that, if a parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention, or incarceration in any penal facility, forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence. An actual term of confinement or imprisonment need not have been imposed for such conviction; it suffices that the statute under which the parolee was convicted permits the trial court to impose any term of confinement or imprisonment in any penal facility. If such conviction occurs subsequent to a revoca-

tion hearing the Commission may reopen the case and schedule a further hearing relative to time forfeiture and such further disposition as may be appropriate. However, in no event shall the violator term imposed under this subsection, taken together with the time served before release, exceed the total length of the original sentence. The Appendix to § 2.52 (2000) further provides:

In the case of any revocation hearing conducted within the Ninth Circuit, the Commission will exercise discretion in determining whether or not to order forfeiture of all or part of the time spent on parole pursuant to 18 U.S.C. 4210(b)(2). The Commission's policy shall be to consider granting credit for time on parole in the case of a parole violator originally classified in the very good risk category (pursuant to 28 CFR 2.20) if the following conditions are met. The conviction must not be for a felony offense. The parole violation behavior (the offense of conviction plus any other violations) must be non-violent, and not involve a repeat of the parole violator's original offense behavior. Further, an adequate

931–32 (9th Cir.1999) (per curiam) (affirming forfeiture of street time due to conviction for driving under influence of alcohol).

Here, petitioner was on ordinary parole from September 8, 1992, until his arrest on December 11, 1996. The Commission specifically has found that, because petitioner was convicted of possession for sale of marijuana while on parole, his street time for that period of more than four years should be forfeited. Since there is statutory authority for this decision, it was proper for the Commission to order that petitioner's street time be forfeited for this period. The petitioner was again released on ordinary parole from March 14, 1997, until his arrest on June 25, 1998. When his parole was revoked in 1998, the Commission again specifically found that, because petitioner was convicted of making terrorist threats while on parole, he should forfeit his street time for this fifteen month period. Once again, there is statutory authority for the Commission's decision. When the periods of forfeited street time are added to petitioner's new term of imprisonment following reimprisonment for violating special parole—August 23, 2005—that term now expires on March 6, 2011. Return, Exh. B at 2.

### ORDER

IT IS ORDERED that Judgment be entered denying the petition for writ of habeas corpus and dismissing the action with prejudice.

period of reimprisonment pursuant to the reparole guidelines at 28 CFR 2.21, and an adequate period of renewed supervision following release from reimprisonment or reinstatement to supervision, must be available without forfeiting street time. In the case of a parole violator originally classified in other than the "very good risk" category, it shall be the Commission's policy to order the forfeiture of all time spent on parole absent extraordinary circumstances. In no instance will the Commission grant credit in the case of a repeat violator on the current sentence.